UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER BONILLA RIVERA,

DECISION AND ORDER

Plaintiff,

16-CV-6775L

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On May 21, 2013, plaintiff, then thirty-two years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act, alleging an inability to work since January 1, 2002. (Administrative Transcript, Dkt. #7 at 17).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on March 10, 2015 via videoconference before Administrative Law Judge ("ALJ") Joseph L. Brinkley. The ALJ issued a decision on April 7, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 17-34). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 4, 2016. (Dkt. #7 at 1-4). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #15)

---

[1] Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, particularly plaintiff's human immunodeficiency virus ("HIV"), low back pain, arthralgias (joint pain), myalgias (muscle pain), obesity, depression and anxiety, which he concluded together constituted a severe impairment not meeting or equaling a listed impairment. Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: ability to stand and walk for up to 4 hours, and sit for up to 6 hours, in an 8-hour workday, with interruptions and regularly scheduled breaks. Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, and can frequently use her upper extremities to handle, grasp, finger and feel. She can occasionally use her upper extremities to push, pull and reach overhead, and can frequently use them to push, pull and reach in all other directions. She can occasionally squat, bend, crouch, stoop, kneel, and climb stairs and ramps. Plaintiff can never crawl or climb ropes, ladders or scaffolding. She can occasionally use her lower extremities to operate foot and leg controls. She must avoid concentrated exposure to

dangerous moving mechanical parts and unprotected heights, as well as concentrated exposure to extreme temperatures and vibrations. She is limited to simple, routine, repetitive tasks, and can understand, remember and complete simple 1-2 step instructions and make simple work-related decisions. Plaintiff is further limited to only occasional, superficial contact with the general public, occasional team and tandem work, and low stress jobs that do not require high volume production quotas or fast-paced assembly work. (Dkt. #7 at 21-22).

Given this RFC, vocational expert Dian L. Haller testified that plaintiff could perform the positions of final assembler, polisher and packer, and inspector and packer of small plastic products. (Dkt. #7 at 33).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's resulting limitations, and that his finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

## I. The ALJ's Evaluation of Medical Opinions

On appeal, plaintiff initially objects to the weight given by the ALJ to the opinions of certain treating and examining physicians. These include assessments by plaintiff's treating internist, Dr. Michael Mancenido (who cosigned a mental health RFC assessment by treating psychiatric mental health nurse Sean Murphy), and consultative physicians, psychologist Dr. Yu-Ying Lin and Dr. Harbinder Toor. Applying the treating physician rule, the ALJ opted to afford "little" weight to Dr. Mancenido's opinion (Dkt. #7 at 28). *See generally Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence). With respect to Dr. Lin, the ALJ credited the bulk of her opinion, rejecting two of the more extreme limitations that she described. The ALJ gave "limited" weight

to the opinion of Dr. Toor, given its failure to make a quantifiable function-by-function analysis, instead rating plaintiff's degree of limitation with respect to postural activities in language such as "moderate" or "marked." (Dkt. #7 at 25).

I do not find that the ALJ's assessments of the medical opinions of record were erroneous. First, it is well settled that the ALJ may decline to assign a treating source controlling weight if the ALJ cites good reasons for doing so. *See e.g.*, *Phillips v. Commissioner*, 2018 U.S. Dist. LEXIS 61268 at *10 (N.D.N.Y. 2018). Here, the ALJ set forth several good reasons for declining to give controlling weight to Dr. Mancenido's opinion: the opinion was based solely on plaintiff's reported symptoms, was unsupported by any objective medical findings or testing, and conflicted with the psychiatric assessments contained in Dr. Mancenido's treatment notes. (Dkt. #7 at 25, 28). *Compare* Dkt. #7 at 310 (Nurse Murphy's opinion cosigned by Dr. Mancenido, finding that plaintiff has "moderately severe" or "severe" limitations in memory, understanding, concentration, attention, maintaining a schedule, sustaining a routine, taking public transportation, working with others, completing a workday, performing at a consistent pace, accepting instructions, getting along with others and responding appropriately to changes) *with* Dkt. #7 at 389, 392, 396, 399, 409, 423 (treatment records from Dr. Mancenido, typically noting unremarkable psychiatric examinations, with plaintiff described as alert and oriented, with appropriate mood and affect). The extent of limitations described by Dr. Mancenido also conflicts with other medical opinion evidence of record, including the consultative assessment by Dr. Lin, who found no more than mild limitations in nearly every area assessed. (Dkt. #7 at 292-93).

Dr. Lin and Dr. Mancenido did both opine that plaintiff has the equivalent of "marked" limitations with respect to stress and "moderate to marked[]" limitations in maintaining a schedule, which Dr. Lin believed were "caused by lack of motivation and stress-related problems." (Dkt. #7

4

at 291-95). To the extent that the ALJ rejected these limitations as unsupported by the record, the Court finds that the ALJ's determination was appropriate. There is no objective evidence in the record that plaintiff is more than mildly impaired by stress, or cannot maintain a regular work schedule. To the contrary, the stress-related limitations described by Dr. Lin appear to conflict with Dr. Lin's findings elsewhere in her opinion, where Dr. Lin observed that plaintiff was mood-neutral, oriented and cooperative, that her thought processes were coherent and goal-directed, and that her attention and concentration were no more than "mildly" impaired. (Dkt. #7 at 292-93). Plaintiff's self-reported activities, including running errands, going to the gym, making use of public transportation, managing her finances, and engaging in long-distance travel, likewise do not bespeak greater than mild limitations in handling stress or maintaining a schedule. (Dkt. #7 at 64-66, 293, 297, 395, 398, 408).

In evaluating Dr. Toor's opinion, the ALJ observed that Dr. Toor's more restrictive findings of "moderate to severe" limitations in standing, walking, bending, lifting, and sitting were not stated in quantitative terms (e.g., number of hours they could be performed in a workday). The Court notes that the RFC determined by the ALJ nonetheless attempted to account for standing, walking, bending, lifting and sitting limitations. *See* Dkt. #7 at 21, 299 (plaintiff can perform light work with standing and walking up to 4 combined hours and sitting for up to 6 hours in an 8-hour workday, with interruptions and regular breaks, and no more than occasional lifting or carrying of 20 pounds, and no more than occasional squatting, bending, stooping, etc.). Indeed, to the extent that Dr. Toor's opinion included objective findings (e.g., strength at 5/5, reflexes equal, full range of motion in plaintiff's cervical spine, normal gait and station, full range of motion in upper extremities, no sensory deficits), neither those findings, nor the objective assessments

5

reflected elsewhere in the record (e.g., treatment records from Dr. Mancenido) suggest an amount of limitation greater than that found by the ALJ. (Dkt. #7 at 297-98).

In short, while "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision," he was "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

Here, the ALJ discussed the medical opinion evidence, set forth his reasoning for the weight afforded to each opinion, and cited and discussed specific evidence in the record which supported his determination. As such, I do not find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Moreover, the ALJ's weighing of the opinion evidence is consistent with, and supported by, substantial evidence of record, including plaintiff's treatment notes from Dr. Mancenido and other care providers, and plaintiff's own testimony concerning her daily activities. The Court concludes that a longitudinal review of the evidence of record supports the ALJ's RFC determination, and finds no reason to disturb it.

### II. The ALJ's Duty to Complete the Record and Provide Plaintiff With a Full and Fair Hearing

Plaintiff also argues that the ALJ created a gap in the record when he failed to direct the plaintiff to seek more detailed statements from her treating physician and nurse, and failed to

provide plaintiff with a full and fair hearing when he permitted the hearing to take place with a telephone interpreter, despite alleged difficulties in reception.

First, as discussed above, I find that the ALJ's determination was supported by substantial evidence and that the ALJ's reasons for weighing the medical evidence of record as he did were sound, and adequately explained. *See generally Tankisi v. Commissioner*, 521 F. Appx. 29, 34 (2d Cir. 2013) (remand not required even though ALJ rejected medical opinions of record, where "the record contains sufficient evidence from which an ALJ can assess the petitioner's [RFC]").

With respect to the manner in which the hearing was held – via videoconference, with a telephone interpreter to assist the Spanish-speaking plaintiff, who was represented at the hearing by a non-attorney representative – I find no error. Although the transcript reflects that the interpreter asked for several questions to be repeated and that the plaintiff's answers to questions were not always fully responsive, there is no evidence that these issues denied plaintiff a full and fair opportunity to be heard. Plaintiff was able to testify at the hearing, and was questioned by the ALJ, as well as her own representative. The fact that plaintiff's testimony happened to have been given in telephonic form with a sworn interpreter is permitted by agency policy and Second Circuit precedent, and plaintiff identifies no error in translation, and no omission by her on-attorney representative that would have prevented her from receiving a fair hearing. *See e.g.*, *Keys v. Berryhill*, 2017 U.S. Dist. LEXIS 161147 at *7-*9 (W.D.N.Y. 2017) (plaintiff's arguments that she should have been treated as a *pro se* litigant for purposes of the ALJ's development of the record are unavailing where plaintiff was adequately represented by a non-attorney representative); *Doner v. Commissioner*, 2017 U.S. Dist. LEXIS 115431 at *21-*22 (N.D.N.Y. 2017) (same).

I have considered the rest of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error.   The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #15) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 17, 2018.